**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
|     Daria I. McFarland | : |
| | : |
|     Debtor(s) | : NO.  17-10871 MDC |

**SECOND AMENDED  CHAPTER 13 PLAN**

1.  The Debtor(s) shall pay the Trustee the total sum of $29,042.00  over a period of sixty (60) months.

The sum of $166.28 per month for the first seven (7)  months, starting in March, 2017, and then increasing to $526.00 per month for the next fifty-three (53) months, starting in October 2017.

2.  From the payments so received the Trustee shall make disbursements in the following order:

A.  First:

(i) Trustee's commission.(Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed ten (10%) percent.

(ii) The attorney fees for $1,700.00 owed to Michael A. Latzes, Esquire

B. Second:

(a) Holder of allowed secured claims shall retain their liens securing such claims and shall be paid as follows:

(i) The water/sewer claim of $7,358.22 owed to the Water Revenue Bureau. (Claim #7)
(ii) The water meter replacement costs of $240.00 owed to the Water Revenue Bureau. (Claim #6)
(iii) The municipal claim of $16,792.34 owed to the City of Philadelphia (Claim #8) to be paid for the following: Real Estate Taxes of $10,576.00 for tax years 2006 to 2017 ($8,491.13 at 9% interest for 60 months); the SCE claim of $4,146.40 from December 2010 to June, 2017; the L& I claim of $1,188.34 for clean up and seal up of 5834 Willows Ave., in 1993; and CE claims of $881.58 ($760.00 at 6% interest for 60 months)

C.  Third:

(a) Full payment of deferred cash payments entitled to priority under 11 U.S.C. Section 507:

    D.  Fourth:

    (i) Any remaining balance shall be paid pro rata to unsecured creditors that file a Proof of Claim in a timely manner.

    3. Debtor will make her post-petition real estate taxes (2018....) directly to the City of Philadelphia.  Debtor will continue to make her monthly contractual payments under the Retail Installment Sales Contract, directly to Toyota Motor Credit Corp., outside the bankruptcy.

    4. Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the plan is received by any of the respective creditors, all tax liens, security interests or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

    5.  Upon completion of this or any other duly confirmed plan, as amended, all creditors listed in the Debtor's Schedules shall be discharged.

    6.  The following executory contracts of the Debtor are rejected:    NONE

    7.  The following leases of the Debtor are assumed: NONE

    8. Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same.

/S/_____                    /S/ Daria I. McFarland       9-13-17
(DEBTOR)                                                                         (DEBTOR) DARIA I. McFARLAND